Davis, J.,
delivered the opinion of the court:
In the winter of 1867-’68, the chief quartermaster of the Department of Dakota employed the claimant to cut and cord wood on the reservation near Fort Totten in Montana. He was to cut from 500 to 800 cords, more or less, according to the needs of the post; and he complied with his contract. After the wood was cut a quantity was stolen by half-breeds, and the practical question for our decision is upon whom this loss shall fall.
The claimant undoubtedly cut more cords than were measured and accepted by the government, and he claims that he should be allowed for the full amount cut by him, from 800 to 900 cords, because the defendants unreasonably neglected to inspect and measure the wood, whereby losses occurred which they might'have prevented. We think the findings do not *295 show any unreasonable neglect of the defendants in this respect. The wood was much scattered and in small piles, and was measured within a reasonable time.
We find that 417 cords of hard wood and 105 cords of soft wood were received and paid for. We also find that there were two surveys of the wood cut by the claimant, and that these payments were made by the amounts found on the second survey.
The coutract provided that the wood should be inspected and measured by the government on the spot where it was corded, and that delivery should take place there after measurement and inspection. The chief quartermaster of the department was, from time to time, notified of the progress of the work, and the acting quartermaster of the post was notified of its completion. The government officers then made a survey which they report as showing from 150 to 200 cords more wood than was shown by the survey ou which the payments were made. Neither the claimant nor his agent was present at this survey, and no formal delivery of the wood was made then or at any subsequent time.
If the claimant had simply contracted to cut and cord the wood on that tract of land, this would have constituted a performance of his contract and a delivery and acceptance of the wood. But his contract was to cut merchantable wood, and so much merchantable wood, estimated from 500 to 800 cords, more or less, as was necessary for the supply of the post. The counsel for the government contend that it is incumbent upon the claimant to show that the surveyed wood was merchantable, and that it was needed for the post.
On the first of these points it appears from the findings that there was no proof of an objection by the first board of survey to the qualtity of the wood then inspected and measured. An inspection, followed by a measurement, warrants the presumption, in the absence of proof to the contrary, that the wood inspected and measured came within the terms of the contract. Coming thus within the terms of the contract, we are further of the opinion that, under the circumstances of this case, the measurement operated as an acceptance of the wood. The delivery rvas to be made on the ground as corded.. The notices of the claimant and his agents that the wood was ready for in *296 spection operated as so many tenders. The corresponding action of the government operated as an acceptance.
The government’s second objection is based upon the opinion of the Supreme Court in Brawley's Case (11 C. Cls. R., 522, 96 U. S., 168); but that case does not support the contention. The claimant in that case contracted to deliver 880 cords of wood, more or less, as should be determined to be necessary for the supply of the garrison j and the proper officer within a reasonable time determined that a less quantity was necessary, and his action was sustained. The court in that case did not hold, and in our opinion did not intend to hold, that if no such notice had been given, and if the claimant had tendered the full amount of his contract, and if that amount had been actually needed for the post the government would have been justified in refusing to receive it. In the present case it is not pretended that the wood was not needed, and still less that the claimant was notified that it was not.
It only remains to consider how much was surveyed and accepted by the first survey and not paid for as included in the second. On this point the findings rest entirely on the defendants’ proof. They leave it uncertain whether it was 150 or 200 cords. The claimant and his agent had done their work and had left before the first survey was made. The fact was exclusively within the knowledge of the defendants, and must be taken as proved in the form most adverse to them. For these reasons we find that the defendants accepted at the first survey 200^ cords of wood which have not been paid for. There is no proof whether this was hard or soft wood. There was a difference in the price. This fact also was specially within the knowledge of the defendants, and must be taken against them. Judgment will therefore be entered in favor of the claimant for the agreed price of cutting and cording 200 cords of hard wood, viz, $2.75 per cord, amounting to $550.